IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHLEEN G. RAINEY,                    )
                                       )
                    Plaintiff,         )
                                       )
        -vs-                           )        Civil Action No.   19-1197
                                       )
ANDREW M. SAUL,[1]                     )
COMMISSIONER OF SOCIAL SECURITY,       )
                                       )
                    Defendant.         )

AMBROSE, Senior District Judge

## OPINION

        Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12).   Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13).   After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

## I.   BACKGROUND

        Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act.   Administrative Law Judge ("ALJ"), Wayne Stanley, held a hearing on February 6, 2018. (ECF No. 8-3).   On July 9, 2018, the ALJ issued an unfavorable decision.   (ECF No. 8-2, pp. 11-22).

        After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12).   The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.   The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).   *Dobrowolsky*, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   *Id*.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.   Fibromyalgia

Plaintiff's main arguments center around the ALJ's determination of the severity of her fibromyalgia.   (ECF No. 11, pp. 14-16).   At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe.   20 C.F.R. §416.1420(a).   Importantly, the mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004).   The question of severity relies not on the particular condition, but on the limitations stemming from that condition.   *Id.*   To be clear, an impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months.   20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d).   If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

3

Fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12-2p.   There is no question that fibromyalgia, an elusive problem, poses special circumstances in the social security arena.   According to SSR 12-2p, there are two ways to determine if a person has a medically determinable impairment of fibromyalgia:   1) The 1990 American College of Rheumatology (ACR) Criteria, and 2) The 2010 ACR Preliminary Diagnostic Criteria. Both of these methods require a history of widespread pain and evidence that other disorders that could cause the symptoms or signs were excluded. SSR 12-2p.

While the ALJ found that Plaintiff had the severe impairment of lumbar degenerative disc disease at step 2 in this case, he found Plaintiff's fibromyalgia[2] was not severe. (ECF No. 8-2, pp. 14).   As Plaintiff points out, the ALJ gave great weight to the opinion of the State Agency physician, Dr. Fox.   (ECF No. 8-2, p. 20).   Dr. Fox opined that Plaintiff has the medically determinable impairment of fibromyalgia and her fibromyalgia is severe.   (ECF No. 8-4, p. 5). Yet, the ALJ did not credit this finding.

Defendant is correct that the ALJ is not required to accept Dr. Fox's opinion at all, much less do so wholesale. An ALJ, however, must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).   To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000).   "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,*

---

[2] The ALJ also found that Plaintiff's carpal tunnel syndrome, depression, and anxiety were non-severe. (ECF No. 8-2, pp. 13-16).

No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006).   "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'"   *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981).   Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence.   *Id.*

Here, the ALJ failed to articulate why he gave great weight to the opinion of Dr. Fox, but did not credit her finding that Plaintiff's medically determinable impairment of fibromyalgia is severe.   They ALJ stated that "the record contains no fibromyalgia specific testing," yet Dr. Fox indicated that her fibromyalgia has documented trigger points.   *Compare* ECF No. 8-2, p. 14, *with* No. 8-4, p. 9.   This is troubling. The failure to provide an explanation prohibits me from conducting a proper and meaningful review.

Typically, at step 2 when an ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an impairment severe is harmless because the Claimant is not denied benefits at step two. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 - 5   (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).   Rather, the ALJ proceeded beyond step 2.   In so doing, an ALJ makes a residual functional capacity (RFC)[3] determination taking into consideration all impairments, including any impairment that is not severe.   Thus, an ALJ will proceed to consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's RFC.

---

[3]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

In this case, the ALJ found another impairment to be severe and proceeded to the next steps and, thus, Plaintiff was not denied benefits at step 2.   (ECF No. 8-2, pp. 13-21).   The error in this case, however, is not harmless.   At step 5, despite acknowledgement that he must consider all evidence and all symptoms, both severe and non-severe, the ALJ's discussion of Plaintiff's fibromyalgia is scant.   *Id.*   (ECF No. 8-2, pp. 16-20).   *Id.*   Based on the same, I find the ALJ unexplained inconsistency at step 2 may have infiltrated the remaining parts of the sequential analysis and cannot be considered harmless.   Therefore, I find that remand on this basis is warranted.

Plaintiff raises other arguments in her brief.   *See,* ECF 11, pp. 14-16.   Since I am remanding as set forth above, these issues will be reevaluated, *de novo,* as well.   Therefore, I need not consider the details of the arguments it at this time.   Nonetheless, I point out that the ALJ completely discounts Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms as "inconsistent with the evidence of record."   (ECF No. 8-2, p. 18). "Due to the subjective nature of the diagnosis [in fibromyalgia cases], the credibility of a claimant's testimony regarding her symptoms is especially significant in the evaluation of the evidence." *Gegrory v. Berryhill,* Civ. No. 17-991, 2019 WL 643736, at *8 (Feb. 15, 2018).

> [The] cause is unknown, there is no cure, and it is poorly-understood within much of the medical community.   The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms.   The American College of Rheumatology issued a set of agree-upon diagnostic criteria in 1990, but to date there are no laboratory tests to confirm the diagnosis."   *Benecke v. Barnhart,* 379 F.3d 587. 590 (9th Cir. 2004).   In fact, fibromyalgia patients often "manifest normal muscle strength and neurological reactions and have full range of motion." *Rogers v. Comm'er of Soc. Sec.,* 486 F.3d 234, 244 (6th Cir. 2007) (*citing, Preston v. Sec. Of Health and Human Services*, 854 F.2d 815, 820 (6th Cir. 1988)).

*Lintz v. Astrue,* Civ. No. 08-424, 2009 WL 1310646, at *7 (W.D. Pa. May 11, 2009).   Therefore, "in cases involving fibromyalgia…consideration of a plaintiff's subjective complaints are given an elevated importance."   *McIntire v. Colvin,* 13-CV-143, 2015 WL 401007, at *41 (N.D. W.V.

January 28, 2015).   Furthermore, case law indicates that conservative treatment is appropriate for fibromyalgia and surgery may not be appropriate or required. *Id.; Doychak v. Colvin,* Civ. No. 12-1654, 2013 WL 4766516, at *9 (W.D. Pa. Sept. 4, 2013). Particularly troubling in this case is the ALJ's complete rejection of her testimony due, in part, to the lack of and/or the conservative nature of treatment.   (ECF No. 8-2, pp. 18-19).   Consequently, an appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHLEEN G. RAINEY,                        )
                                           )
                Plaintiff,                 )
                                           )
     -vs-                                  )        Civil Action No.   19-1197
                                           )
ANDREW M. SAUL,[4]                         )
COMMISSIONER OF SOCIAL SECURITY,           )
                                           )
                Defendant.                 )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 8th day of October, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is granted and Defendant's Motion for Summary Judgment (ECF No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4]Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.